UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARD K. CAPSTICK, | CASE NO. C23-0936JLR |
| Plaintiff, | ORDER |
| v. | |
| THE BANK OF NEW YORK MELLON, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Defendants The Bank of New York Mellon ("BNYM") and Newrez LLC's ("Shellpoint") (collectively, "Defendants") motion to dismiss *pro se* Plaintiff Ward K. Capstick's complaint. (Mot. (Dkt. # 7).) Mr. Capstick did not respond to the motion.[1] (*See generally* Dkt.) The court has considered the parties' submissions,

---

[1] "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2).

ORDER - 1

1  the relevant portions of the record, and the governing law.  Being fully advised,[2] the court

2  GRANTS Defendants' motion to dismiss.

## II.  PRELIMINARY MATTERS

The court must resolve one preliminary matter before considering the motion to dismiss.  Defendants ask the court to take judicial notice of (1) Mr. Capstick's complaint in the wrongful foreclosure action that he commenced against Defendants in Snohomish County Superior Court, (2) a Snohomish County Superior Court order granting Defendants' motion to dismiss Mr. Capstick's complaint, and (3) a filing and a minute order from this case.  (Req. for JN (Dkt. # 8).)  Mr. Capstick did not respond to Defendants' request for judicial notice.  (*See generally* Dkt.)

Courts routinely take judicial notice of court filings and other matters of public record.  *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (taking judicial notice of state court proceedings in *res judicata* analysis).  Because all of the documents for which Defendants seek judicial notice are matters of public record, the court GRANTS Defendants' request to take judicial notice of the above-mentioned court filings and orders.

//

//

---

[2] Defendants request oral argument.  (*See* Mot. at 1.)  The court, however, concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

### III. BACKGROUND

Mr. Capstick's claims in this matter involve a property he previously owned in Snohomish, Washington ("the Property"). (*See generally* Compl. (Dkt. # 1).) Mr. Capstick purchased the Property on November 14, 2005 via a loan for $532,000 (the "Loan"). (*Id.* ¶ 8.) A deed of trust secured the loan and was recorded on November 21, 2005. (*Id.* ¶ 10.) The deed of trust listed Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Magnus Financial Corporation ("First Magnus"). (*Id.*) On December 14, 2011, an assignment from MERS to BNYM was executed. (*Id.* ¶ 11.)

On August 11, 2014, Mr. Capstick received a notice of substitution of trustee and deed of reconveyance by MERS. (*Id.* ¶ 12.) Mr. Capstick alleges after he received this notice, he and his wife "were under the conclusion [the Loan] had been satisfied and they had no mortgage on their home." (*Id.*) Accordingly, from August 11, 2014 on, Mr. Capstick ceased making payments on the Loan. (*Id.*) Years later, Mr. Capstick received a notice of trustee sale dated February 11, 2022, notifying him that BNYM was set to sell the Property on June 17, 2022. (*Id.* ¶ 13.)

Around this time, Plaintiff filed a wrongful foreclosure and quiet title action against Defendants in Snohomish County Superior Court (the "Snohomish Action"). (Req. for JN, Ex. 1 ("Snohomish Complaint").) Mr. Capstick alleged claims against Defendants for wrongful foreclosure; adverse possession; slander of title; detrimental reliance; fraud in the concealment; fraud in the inducement; unconscionable contract; breach of fiduciary duty; quiet title; violations of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1601, *et seq.*; violation of 12 C.F.R. § 1024.41; violation of the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and a judgment declaring Mr. Capstick's interest in the Property. (*Id.* at 4-14.) After receiving Mr. Capstick's complaint, Defendants filed a motion to dismiss for failure to state a claim pursuant to Washington State Civil Rule 12(b)(6). (Req. for JN, Ex. 2 ("Order Granting Snohomish MTD").) Following a hearing, the Snohomish County Superior Court granted Defendants' motion to dismiss and dismissed Mr. Capstick's complaint with prejudice. (*Id.*)

Nearly a year later, on June 22, 2023, Mr. Capstick initiated the instant action against Defendants. (*See generally* Compl.) The claims in the instant action, like the Snohomish Action, appear to arise from Mr. Capstick's belief that Defendants lack any security interest in the Property, and as such, do not have a right to foreclose on the Property. (*See generally* Compl.; Snohomish Compl.) Mr. Capstick's first through sixth causes of action[3] are the same as the causes of action he alleged against Defendants in the Snohomish Action: wrongful foreclosure; adverse possession; slander of title; detrimental reliance; fraud in the concealment; fraud in the inducement; unconscionable contract; and breach of fiduciary duty. (*See id.* at 4-13.) Mr. Capstick also alleges the following, new causes of action against Defendants: conspiracy to violate, and violations of, Mr. Capstick's First, Fourth, and Fourteenth Amendment rights (*id.* at 13-25 (seventh

---

[3] Mr. Capstick labels numerous claims using the same cause of action number. For example, Mr. Capstick's complaint has three separate sections, containing separate claims, titled "Fifth Cause of Action." (*See* Compl. at 9-12 (capitalization omitted).) In this order, the court refers to Mr. Capstick's claims using the cause of action number included in the section title for that given claim.

through eleventh causes of action)); and violations of 18 U.S.C. §§ 241, 242 (*id.* at 23-24 (also labeled eleventh cause of action)).[4]

## IV. ANALYSIS

Defendants now move to dismiss Mr. Capstick's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot.) The court sets forth the applicable legal standard and then evaluates whether Mr. Capstick's complaint should be dismissed.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Because Mr. Capstick is proceeding *pro se*, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, his complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[4] The constitutional claim in the seventh cause of action alleges that Mr. Capstick's Fourteenth Amendment procedural due process rights were violated when his complaint in the Snohomish Action was "never . . . heard on the merits." (Compl. at 13-19.) The constitutional claims in the eighth through tenth causes of action are brought under 42 U.S.C. § 1983 and are based on Defendants' alleged involvement in a fraudulent scheme to deprive Mr. Capstick of his interest in the Property. (*Id.* at 20 23.) Finally, the constitutional claim alleged in the eleventh cause of action is brought under California Civil Code 52.1 and is again based on Defendants' alleged involvement in a fraudulent scheme to deprive Mr. Capstick of his interest in the Property. (*Id.* at 24 25.)

570 (2007)). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

When considering a Rule 12(b)(6) motion, the court takes the well-pleaded factual allegations as true and views such allegations in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, the court need not accept as true a legal conclusion presented as a factual allegation, *Iqbal*, 556 U.S. at 678, nor is the court required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Additionally, in evaluating a complaint under Rule 12(b)(6), courts may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, 266 F.3d at 988.

**B.     Merits of Defendants' Motion**

Defendants argue that the doctrine of claim preclusion bars Mr. Capstick's first through sixth and eighth through eleventh causes of action because Mr. Capstick's nearly identical claims against Defendants in the Snohomish Action were adjudicated on the

merits and dismissed with prejudice. (Mot. at 3-4, 6-9; *see also* Snohomish Complaint; Order Granting Snohomish MTD.) With respect to Mr. Capstick's seventh cause of action, Defendants contend that this claim fails because "there can be no due process violation based on a 12(b)(6) dismissal." (*Id.* at 8 n.1.) Defendants also assert that Mr. Capstick has not alleged sufficient facts to support any of his claims. (*Id.* at 9-10.)

Mr. Capstick did not respond to Defendants' motion. (*See generally* Dkt.) The court concludes that dismissal of Mr. Capstick's complaint is warranted because he failed to respond to the arguments raised in Defendants' motion and thus has "effectively abandoned" his claims. *See Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)); Local Rules W.D. Wash. LCR 7(b)(2).

Even if Mr. Capstick had responded to Defendants' motion, the court's conclusion would remain the same because Mr. Capstick's complaint fails to state a plausible claim for relief. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Federal Courts "determine the preclusive effect of a state court judgment by applying that state's preclusion principles." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (citing 28 U.S.C. § 1738). Because a Washington court decided the Snohomish Action, Washington's claim preclusion law governs.

//

//

1    Under Washington law, the threshold requirement for invoking claim preclusion is
2    a final judgment on the merits. *Karlberg v. Otten*, 280 P.3d 1123, 1130 (Wash. Ct. App.
3    2012). In addition, the Washington Supreme Court has explained that

4    > res judicata occurs when a prior judgment has a concurrence of identity in
     > four respects with a subsequent action. There must be identity of (1) subject
5    > matter; (2) cause of action; (3) persons and parties; and (4) the quality of the
     > persons for or against whom the claim is made.
6
     *Schroeder v. Excelsior Mgmt. Grp., LLC*, 297 P.3d 677, 684 (Wash. 2013) (internal
7
     quotation marks omitted) (quoting *Mellor v. Chamberlin*, 673 P.2d 610 (Wash. 1983)).
8
     In essence, under Washington law, "[r]es judicata—or claim preclusion—applies where a
9
     final judgment previously entered and a present action are so similar that the current
10
     claim should have been litigated in the former action." *Storti v. Univ. of Wash.*, 330 P.3d
11
     159, 165 (Wash. 2014); *see Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. Ct. App. 2009)
12
     (stating that Washington claim preclusion law prohibits claim splitting, which occurs
13
     when a party files separate lawsuits with different claims but based on the same events).
14
         Applying this standard, the court concludes that Mr. Capstick's first through sixth
15
     and eight through eleventh causes of action are barred by the doctrine of claim
16
     preclusion. First, the threshold requirement for application of claim preclusion is
17
     satisfied because the Snohomish Action was dismissed with prejudice after the
18
     Snohomish County Superior Court granted Defendants' Washington State Civil Rule
19
     12(b)(6) motion to dismiss (*see* Order Granting Snohomish MTD), and a dismissal with
20
     prejudice constitutes a final judgment on the merits. *See Federated Dep't Stores, Inc. v.*
21
     //
22

*Moitie*, 452 U.S. 394, 399 n.3 (1981); *Save Bull Trout v. Williams*, 51 F.4th 1101, 1109 (9th Cir. 2022); *Krikava v. Webber*, 716 P.2d 916, 918 (Wash. Ct. App. 1986).

Second, both actions involve the same subject matter: the same Property, loan, deed of trust, assignment of rights, missed payments, and notice of trustee sale. (*Compare* Snohomish Compl. at 2-19, *with* Compl. at 2-25). Third, the parties in both suits are the same. (*Compare* Snohomish Compl., *with* Compl.) Fourth, the quality of the persons and parties is, consequently, the same because each party has "acted in its own capacity against [the other] and sought to advance and protect its own interests in both lawsuits." *Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co.*, 308 P.3d 681, 685 (Wash. Ct. App. 2013).

Finally, the first through sixth causes of action, and the facts underlying those causes of action, are exactly the same as those alleged in the Snohomish Action. (*Compare* Snohomish Compl. at 4-14, *with* Compl. at 4-13.) The eighth through eleventh causes of action, although not exactly the same as those in the Snohomish Action, are sufficiently identical to constitute the same causes of action under Washington's claim preclusion law. *See Deja Vu-Everett-Federal Way, Inc. v. City of Federal Way*, 979 P.2d 464, 468 (Wash. Ct. App. 1999) (listing factors relevant to determining whether causes of action are the same and stating that whether the causes of action "arise out of the same transactional nucleus of facts" is most important). Specifically, the eighth through eleventh causes of action and the causes of action in the Snohomish Action: (1) deal with substantially the same evidence; (2) revolve around Defendants' alleged interference with Mr. Capstick's interest in the Property and whether Defendants have the right to foreclose

on the Property; and (3) arise from the same nucleus of facts. (*Compare* Compl. at 2-13 (factual background and first through sixth causes of action), 20-25 (basing the eighth through eleventh causes of action on the events and conduct alleged in the first through sixth causes of action and background section), *with* Snohomish Compl. at 2-19.) Accordingly, the eighth through eleventh causes of action are so similar to those alleged in the Snohomish Action that they "should have been litigated" in that action. *Storti*, 330 P.3d at 165; *Knuth v. Beneficial Wash., Inc.*, 31 P.3d 694, 696 (Wash. Ct. App. 2001) ("[R]es judicata[] prohibits a party from bringing a claim already litigated or a claim that could have been litigated in a prior action."). In sum, the doctrine of claim preclusion bars Mr. Capstick's first through sixth and eighth through eleventh causes of action. *See also Hisle v. Todd Pac. Shipyards Corp.*, 93 P.3d 108, 114 (Wash. 2004) ("Res judicata is the rule, not the exception.").

   The court further concludes that Mr. Capstick fails to state a plausible claim for relief with respect to his seventh cause of action, which alleges that his procedural due process rights were violated when his Snohomish Complaint was not "heard on the merits" and was "dismiss[ed] solely based on procedural grounds." (Compl. at 13.) First, Mr. Capstick's assertion that his Snohomish Complaint was not heard on the merits is incorrect. As discussed above, after holding a hearing on Defendants' Washington State Civil Rule 12(b)(6) motion to dismiss, the Snohomish County Superior Court granted Defendants' motion and dismissed Mr. Capstick's Snohomish Complaint with prejudice. (*See* Order Granting Snohomish MTD.) Dismissals with prejudice and dismissals under Rule 12(b)(6) are treated as determinations on the merits. *See*

*Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005); *Moitie*, 452 U.S. at 399 n.3; *Krikava*, 716 P.2d at 918. Second, Mr. Capstick cannot plausibly allege that the Snohomish County Superior Court's dismissal of his complaint pursuant to Washington Civil Rule 12(b)(6)[5] constitutes a procedural due process violation.[6] *See United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014) ("To state a prima facie substantive or procedural due process claim, one must, as a threshold matter, identify a liberty or property interest protected by the Constitution.").

**C.     Leave to Amend**

In general, a district court must provide a *pro se* litigant with notice of the deficiencies of the complaint and an opportunity to amend if those deficiencies can be cured. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court may, however, deny leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

The court concludes that amendment would be futile because (1) most of Mr. Capstick's claims are barred by the doctrine of claim preclusion, (2) Mr. Capstick cannot

---

[5] The court notes that before the Snohomish County Superior Court ultimately dismissed Mr. Capstick's complaint, Mr. Capstick appears to have been given an opportunity to respond to Defendants' motion to dismiss and to be heard at a hearing. (*See generally* Order Granting Snohomish MTD.)

[6] This claim fails for the additional reason that Mr. Capstick has not explained why Defendants are responsible for the procedural due process violation that allegedly resulted from the Snohomish County Superior Court's dismissal of his complaint. (*See generally* Compl.) To the extent this due process claim is based on Defendants' intent to foreclose on the Property and conduct with respect to the loan, deed of trust, and notice of trustee sale (*see id.* at 16-17), it is barred by the doctrine of claim preclusion for the reasons stated above.

state a cognizable procedural due process claim based on the Snohomish Superior Court's Washington Civil Rule 12(b)(6) dismissal, and (3) Mr. Capstick effectively abandoned his claims by failing to respond to Defendants' motion. Accordingly, the court DISMISSES Mr. Capstick's complaint with prejudice and without leave to amend. *See, e.g.*, *Portnoy v. United States*, 507 F. App'x 736, 737 (9th Cir. 2013) (approving dismissal with prejudice where res judicata barred the plaintiff's claims); *S.M.A. by Alford v. Modesto City Sch. Dist.*, No. 120CV01767JLTBAM, 2023 WL 267067, at *4 (E.D. Cal. Jan. 18, 2023) (dismissing procedural due process claim with prejudice for failure to identify a constitutionally protected property or liberty interest).

## V.   CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 7) and DISMISSES Mr. Capstick's complaint (Dkt. # 1) with prejudice and without leave to amend.

Dated this 16th day of August, 2023.

JAMES L. ROBART
United States District Judge